The opinion of the Court was drawn up by
Kent, J.
The note or memorandum, on which this action is based, expresses distinctly the consideration for the promise to pay. It is the right of the payee " to cut birch timber, the present lumbering season, on Letter E, R. 1.” This is the only consideration set forth. The defendant insists that the plaintiffs never had any such right and, that he acquired nothing by the contract, and therefore his promise was without legal consideration.
It is evident, from the testimony of the plaintiff Drew, that the payees had no legal right, as against the State, to cut birch timber on the township in question. The conver *321 sation with the Land Agent negatives such an idea. The Land Agent, as he says, informed him that ho could not give him a permit — that the Legislature had repealed the law. The subsequent declarations gave no right, they, at most, amounted only to intimations that, if the plaintiffs did cut, a fair stumpage only would be exacted, and that no other person would be allowed to disturb them. The Land Agent had no legal light to give such assurances, and they could not create any right which could be asserted by the plaintiffs, much less, be sold and assigned by them.
The plaintiffs both admit that they told the defendant that they had " a permit” to cut this birch timber. They say they told him that it was not a written permit but a verbal one; but Mr. Long says he told the defendant, that he "had as lief have it as a written one.”
After a full and fair examination of the whole testimony, we are satisfied that the plaintiffs undertook to sell and assign to the defendant a legal right which would protect him in cutting. It is undoubtedly true, that both parties understood that stumpage was to be paid to the State, and that the right to be transferred was only a right to enter and cut unmolested; subject to payment of stumpage to the State— not fixed at the time. But what the defendant understood he wTas purchasing, was a right, which would protect him from being regarded and treated as a trespasser by the State. It was in the nature of a bonus for a permit by the State, to cut the birch timber. This right was not acquired; the timber was seized by the officers of the State, and the defendant was treated as a trespasser, and the assumed right was denied and disregarded, and the defendant was obliged to pay whatever was demanded or lose his timber. He was thus placed in a very different position from the one he would have been in, if the plaintiffs had had the right, which they assumed to convey, to cut the birch timber. There was no legal consideration for the promise.
The other considerations suggested are not sufficient in *322 law and are none of them stated in the contract. The only consideration alluded to is the right to cut.

Plaintiffs nonsuit.

Tenney, C. J., Rice, Appleton, Cutting and May, JJ., concurred.